# UNITED STATES DISTRICT COURT

## FOR THE

### NORTHERN DISTRICT OF OHIO

**FILED**

JAN 0 6 2021

CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

SAMUEL R. DANZIGER, Pro Se )
7740 CAMINO REAL, G211
MIAMI, FL 33143, )
Plaintiff,

) **3:21 CV 23**

CASE NO._____

-vs- )

U.S. SECURITIES AND EXCHANGE
   COMMISSION ) **JUDGE HELMICK**
100 F ST.,  NE
WASHINGTON, DC 20549 ) JUDGE_____

and )                COMPLAINT

CROGHAN BANCSHARES, INC. )        JURY TRIAL DEMANDED
323 CROGHAN STREET
FREMONT OHIO 43420, )
Defendants.

1. Plaintiff Samuel R. Danziger, Pro Se, ('Plaintiff') has his homestead in Miami,

Florida and is a full-time resident therein.  Plaintiff owns shares in Defendant

Croghan outlined in redacted(for privacy) Exhibit A, attached and incorporated

herein.

2. Defendant U.S. Securities And Exchange Commission('SEC') was established as

an agency  Within the Executive Branch Of the U.S. Government by the

Congressional passage of the Securities and  Exchange Act of 1934('the Act').

1.

Relevant here are some of the SEC general Rules and Regulations the SEC established under the Act, as amended.

3. Defendant Croghan Bancshares, Inc.('Croghan') is an Ohio Corporation with its domicile and principal office in Fremont, Sandusky County, Ohio. As a corporation, Defendant Croghan has a wholly-owned bank subsidiary, the Croghan-Colonial Bank, with just over 1 billion dollars in assets. And as a corporation, Defendant Croghan has just over 2 million shares of stock issued and outstanding owned by over 1,400 shareholders and routinely traded on the national Over-The-Counter Exchange('OTC').

4. The Plaintiff has the standing to bring this action in this U.S. District Court, and the Court has jurisdiction under both the claim of Plaintiff under the Securities and Exchange Act, as amended, against Defendant SEC, an agency of the U.S. government established by the Act, and the claim of Plaintiff against Defendant Croghan for matters related to the Act.

5. Under the number of shareholders of Defendant Croghan and the trading of its shares on a national exchange, Defendant Croghan was under the regulation of the SEC by the Act. However, by an amendment to the Act and a reading of Rule 240.12g5-1(a)(2) and (3) relating to shares 'held of record'( Exhibit B), Defendant Under Rule 240.12g-4(a)(1), Croghan could terminate its registration under the Act (Exhibit C). Subsequently, Defendant Croghan received a termination of registration, Form 15(Exhibit D).

6. A rereading of Exhibit A evidence that Plaintiff's shares in Defendant Croghan are, and have been, held by T.D. Ameritrade, a recognized brokerage corporation. In the terminology of the finance industry, Plaintiff is classified as a NOBO (a non-objecting beneficial owner). Plaintiff is a 100% owner of his Defendant Croghan shares and enjoys all voting rights, dividends, and other privileges of

2.

ownership, except the shares, are held for Plaintiff's convenience by a corporation. Defendant Croghan has a total of 476 NOBOs(Exhibit E). A strict reading of Rule 240.12g5-1(a)(2) and (3) means that the 476 shareholders count to the Defendant SEC as 'one person.' A latter-day reincarnation of *Scott v Sanford,* 60 US 393 (1857); Dred Scott of the no-count people of color era lives in the Rules of the Defendant SEC and Plaintiff has been harmed by the termination of registration on the refusal to count NOBOs. Apparently, the SEC doesn't even recognize *Plessy v Ferguson,* 163 US 537 (1896), as no equality for the NOBOs here with the shareholders of record' is shown in the rules. Both *Scott* and *Plessy* are recognized as not constitutional today. The Court should realize how little effort it takes to submit an accurate total shareholder count to Defendant SEC by Defendant Croghan or any other registrant.

7.    For Defendant Croghan to obtain a termination of registration, the Defendant SEC requires less than 1200 shareholders, Rule 240.12g-4(a)(1)(Exhibit C). The 2014 Form 15 lists 1001 'holders of record'(Exhibit D), and the 476 NOBOs should Now count as 476 living, breathing U.S. citizen shareholders(Exhibit E). Update; the OTC website on 12/21/2020 now finds a total of 992 shareholders of record(Exhibit F), plus the 476 NOBOs is not even close to fewer than 1200 shareholders required for termination! The calculation is genuinely more than 1200, the Defendant Croghan knows it, or should know it, as it sends dividends out quarterly to each NOBO and 'shareholders of record'; as does the Defendant SEC, now playing an unfair word game the termination. Plaintiff has been harmed for the Plaintiff does not have the SEC protections envisioned by the Act including, but not limited to, supervision of registrants handling of Proxy Proposals.

8.    In September 2018, post-SEC termination, Plaintiff submitted to Defendant Croghan two generic Proxy Proposals, one titled Gender Diversity For The Board

3.

Of Directors and the other titled Directors Term Limits. The submission was met with a letter stating the Proxy Proposals would "...not be included in the proxy statement and form of proxy solicited...". Litigation ensued, and finally, the proposals were included in the 'proxy statement but not on the 'form of proxy." The Defendant, Croghan shareholders were not privileged to vote regarding their opinions as to either Proxy Proposal. Ultimately, Defendant Croghan had Plaintiff's suit dismissed(Composite Exhibit G). Plaintiff was harmed by the failure of Defendant Croghan's shareholders to vote for their opinions. By Defendant SEC Rule 240.14a-8, (Exhibit H) as a registrant, Defendant Croghan would have been obligated to submit the Proxy Proposals (both generic) to, and for, Defendant SEC review, and if they were acceptable to Defendant SEC, the proxy proposals would have had to appear on the Defendant Croghan's 'form of proxy' for the vote of the Defendant Croghan shareholders.

9. Harm a'comin. As in 2018(see above Paragraph 8), Plaintiff has recently submitted a Proxy Proposal to Defendant Croghan titled Diversity For The Board (Composite Exhibit I). Since Defendant Croghan and Defendant SEC have obviated SEC review (Exhibit H), Plaintiff is expecting harm and by this Complaint is attempting to mitigate the harm among other relief(see Plaintiff's letter of December 17, 2020, within Exhibit I).

WHEREFORE, the Plaintiff requests of the Court a finding and an Order (1) directing the Defendant SEC to revise, or otherwise modify, the wording of Rule 240.12g5-1(a)(2) and (3) to count each of the shareholders therein as individual shareholders of record under Section 1(a) rather than exceptions under Sections 1(a)(2) and (3); (2) directing Defendant Croghan to submit for re-registration with the Defendant SEC with an accurate combined count of both 'shareholders of

4.

record and NOBOs: and (3) directing Defendant Croghan to forthwith forward all pending shareholder Proxy Proposals to Defendant SEC in conformance to Rule 240.14a-8.

Respectfully submitted,

Samuel R. Danziger, Pro Se
7740 Camino Real, G211
Miami, Fl 33143
(305)271-0707

5.