UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Samuel R. Danziger,                                    Case No.   3:21-cv-23

          Plaintiff,

    v.                                                MEMORANDUM OPINION
                                                                         AND ORDER

U.S. Securities and Exchange
Commission, *et al.*,

          Defendants.


*Pro se* plaintiff Samuel R. Danziger has filed this action against the United States Securities and Exchange Commission ("SEC") and Croghan Bancshares, Inc. ("Croghan"), on January 6, 2021. He filed an Amended Complaint on February 19, 2021, (Doc. No. 8), which Croghan has moved to dismiss. (Doc. No. 12). Plaintiff subsequently filed a motion for leave to file a Second Amended Complaint, (Doc. No. 18), which Croghan opposes as futile. (Doc. No. 21). The SEC moved for and was granted leave to answer or respond in the case after I determined whether to allow Danziger to file a Second Amended Complaint. (*See* Doc. No. 20).

Danziger also has filed: a motion to delay the case management conference, (Doc. No. 22); a motion for reconsideration of my April 28, 2021 order denying Croghan's first motion to dismiss and Danziger's motion to strike Croghan's second motion to dismiss, (Doc. No. 23); a motion for leave to supplement his proposed second amended complaint, (Doc. No. 25); a motion for a hearing, (Doc. No. 26); a motion for leave to file a third amended complaint, (Doc. No. 27); a motion for leave to file certain documents under seal, (Doc. No. 30); a motion for leave to file a

fourth amended complaint, (Doc. No. 32); a supplement to his proposed fourth amended complaint, (Doc. Nos. 35 through 35-3); and a motion for a status conference. (Doc. No. 36).

Croghan has filed a brief in opposition to Danziger's motion for leave to file a third amended complaint, (Doc. No. 29), to which Danziger filed a brief in reply. (Doc. No. 31). Croghan also filed a brief in opposition to Danziger's motion for leave to file a fourth amended complaint. (Doc. No. 33). Danziger filed a brief in reply as to this motion as well. (Doc. No. 34).

For the reasons that follow, I grant Croghan's motion to dismiss, deny each of Danziger's motions, and dismiss the action as against both defendants.

## I. BACKGROUND

Plaintiff is a shareholder of Croghan. (Doc. No. 8 at 1). In his Amended Complaint, he alleges that up until 2014, Croghan was an SEC-registered company subject to SEC regulation, but the Securities Exchange Act of 1934 (the "Act") was amended in 2014, raising the shareholder threshold to 1,200 and "allowing Croghan to suspend its registration" with the SEC according to SEC Rule 240.12g-4(a)(1) and Rule 240.15d-6. (*Id.* at 2-3).

Danziger complains about Croghan's ability to suspend its registration under the SEC's Rules. In Count 1, he asserts he has been "harmed as an investor by not having the protection of the [Act]" and contends Croghan is "over the threshold for suspension of a bank holding company, as outlined in SEC Rule 240.12g-4(a)(1)." (*Id.* at 2-3). In Count 2, he alleges that because Croghan is not required to register with the SEC, it also is not required to comply with the SEC's proxy rules applicable to shareholder proposals. Therefore, Danziger contends, "[t]he Croghan shareholders will not be able to register their opinions on Plaintiff's proxy proposal." (*Id.* at 4).

Without clearly identifying a specific legal basis or cause of action for his claims, he seeks orders requiring the SEC to lift or otherwise cancel the suspension of Croghan's registration and requiring Croghan to comply with SEC rules regarding his proxy proposals. (*Id.* at 4).

## II. DISCUSSION

### A. CROGHAN'S MOTION TO DISMISS

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief may be granted. To survive a dismissal, a "complaint must present 'enough facts to state claim to relief that is plausible on its face.'" *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Although pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a *pro se* complaint must meet this standard to avoid a dismissal. *See Lea v. Tracy Langston Ford, Inc.*, Case No. 19-5706, 2019 WL 9171095, at *3 (6th Cir. Dec. 30, 2019) (applying Rule 12(b)(6) standard to *pro se* complaint). In determining a motion to dismiss for failure to state a claim, a court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits*, 552 F.3d at 434.

Croghan contends Danziger has failed to allege any plausible claim on which he may be granted relief as against it. First, it contends Plaintiff has not alleged a "legal basis under which Croghan has violated the law or any of his rights" by deregistering with the SEC according to the SEC Rules. (Doc. No. 12 at 5). Second, it contends Plaintiff is not entitled to the relief he seeks because he has already pursued, and lost, a lawsuit in state court seeking to force Croghan to include his proxy proposals in its proxy statement, as he seeks to do here. (*Id* at 7-8).

Specifically, in *Danziger v. Rieman*, Plaintiff sued Croghan in the Sandusky County Court of Common Pleas, seeking to compel Croghan to include his proxy proposals in its proxy statement. The trial court dismissed Danziger's action, ruling that Croghan was not legally required to include the plaintiff's proxy proposals, and the Sixth District Court of Appeals affirmed. *Danziger v. Rieman*, 143 N.E.3d 570 (Ohio Ct. App. 2020). The Ohio Court of Appeals held that the plaintiff had "not

3

articulated a legal basis, statutory or otherwise, that requires Croghan to include his proposals in its . . . Proxy Statements or Proxy Cards. Therefore, his action seeking to compel Croghan to so include his proposals is entirely without merit." *Danziger v. Rieman*, 143 N.E.3d at 576-77.

Upon review of the parties' submitted briefs, I agree with Croghan that the plaintiff's action fails to state a plausible claim upon which he may be granted relief and is barred by the doctrine of res judicata.

Under the doctrine of res judicata, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action.'" *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). "Res judicata is based on the following four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *In re Alfes*, 709 F.3d at 638 (quoting *Kane*, 71 F.3d at 560).

All four elements of res judicata are present here. Danziger already sought to compel Croghan to comply with SEC proxy rules although Croghan is not registered with the SEC, and the Ohio courts have ruled that he has failed to state a plausible claim. Therefore, any claim Plaintiff purports to raise based on an alleged obligation of Croghan to comply with the SEC's proxy rules is barred.

Further, I agree with Croghan that Danziger has otherwise failed to state a plausible claim. (*See* Doc. No. 12 at 2-4). Other than his own assertion that Croghan has more than the threshold number of shareholders triggering registration with the SEC, Danziger has not identified any legal duty, statutory or otherwise, or valid cause of action (either in his Amended Complaint, or his

proposed Second and Third Amended Complaints) against Croghan relating to Croghan's deregistering with the SEC according to the SEC's rules.[1]

Accordingly, I grant Croghan's motion to dismiss and deny Danziger's motions for leave to file an amended complaint on the ground that those amendments would be futile.

## B. PLAINTIFF'S CLAIMS AGAINST THE SEC

Further, although the SEC has not yet been required to answer or otherwise respond in the case, I find upon my own review that the plaintiff's action is subject to dismissal as against the SEC as well.

Pursuant to *Apple v. Glenn*, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal of a fee-paid complaint is appropriate without affording the plaintiff an opportunity to amend where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple*, 183 F.3d at 480.

Danziger's action against the SEC fails for the same reasons it fails against Croghan. Danziger has not identified in his pleadings a cause of action or legal duty the SEC owes to him in connection with his objections to the manner in which Croghan's shareholders were calculated for purposes for the SEC's registration rules, and his claims seeking to force his proxy proposals to be

---

[1] Although the plaintiff has rephrased his allegations and claims in his proposed Second Amended Complaint, (Doc. No. 18-1), it is clearly based on the same circumstances and seeks the same relief as his Amended Complaint (*i.e.*, an order requiring Croghan to include his proxy proposals in its proxy statements), and he has not responded to Croghan's argument that his claims are barred by res judicata argument or otherwise demonstrated he has plausible claims. (*See* Doc. Nos. 24 and 27).

5

included in Croghan's proxy statements are barred by res judicata. In short, Danziger's claims no longer are open to discuss. Therefore, I conclude his claims against the SEC must be dismissed as well.

C.  **PLAINTIFF'S REPLY BRIEF PREAMBLE**

In his reply brief, Danziger takes issue with Croghan's description of him as a "'serial, *pro se* litigant.'" (Doc. No. 31 at 2). He asserts this is "an unwarranted 'cheap shot,'" which I "encouraged" by not responding to Danziger's earlier complaints about this phrase. (*Id.*). He threatens to "reach out for a Senior District Court Judge who abhors this type of petty remark by a counsel before a supposedly dignified bench," and asks whether he is to be expected to "tolerate that the judiciary of this District Court is just of the same cut as those on the bench in the Toledo Municipal Court?" (*Id.*).

Danziger is on thin ice. He provides no substantive basis for his application of the cliché characterization of the professionalism of municipal court judges to those judges currently on the bench in the Toledo Municipal Court.

Moreover, while Danziger reads animosity into Croghan's words,[2] the words themselves constitute no apparent reason for offense. Danziger is proceeding *pro se*, (*see, e.g.,* Doc. No. 1 at 1), and has filed a series of lawsuits against Croghan regarding the same conduct. *See Danziger v. Reiman*, 143 N.E.3d 570; *Danziger v. Croghan Bancshares, Inc.*, Case No. 3:02-cv-7135-DAK (N.D. Ohio). That is, Danziger has pursued "a number of things or events of the same class coming one after another in . . . temporal succession." *Merriam-Webster.com Dictionary*, s.v. "series," accessed September 20, 2021, https://www.merriam-webster.com/dictionary/series. *See also*, *Merriam-*

---

[2] (*See* Doc. No. 24 at 3 (referring to Croghan's use of the phrase "serial, *pro se* litigant" as "derogatory")).

*Webster.com Dictionary*, s.v. "serial," accessed September 20, 2021, https://www.merriam-webster.com/dictionary/serial ("of, relating to, consisting of, or arrange in a series . . . .").

In short, I called no attention to Croghan's use of this phrase in my April 28, 2021 Order because Croghan's use of the phrase has no bearing on the resolution of the substance of these proceedings and does not violate the American Bar Association's Model Rules of Professional Conduct or the appropriate spirit of legal practice expected before the Northern District of Ohio, Western Division.   Danziger has provided no basis for me to revisit this choice.

### III.    CONCLUSION

For the reasons stated above, I deny Danziger's motions for leave to amend his complaint, (Doc. Nos. 18, 25, 27, and 32), and grant Croghan's motion to dismiss.   (Doc. No. 12).   This action is dismissed against both defendants pursuant to Rule 12(b)(1) and (b)(6), and *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).

In light of this dismissal, all remaining motions pending in the case are denied as moot.

So Ordered.

                                               s/ Jeffrey J. Helmick  
                                               United States District Judge